UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ST. BERNARD PARISH GOVERNMENT** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-4343-MVL-SS** |
| **CONTINENTAL CASUALTY COMPANY** | |

## ORDER

PLAINTIFF'S MOTION FOR RECONSIDERATION OF MARCH 19, 2009 REPORT AND RECOMMENDATION (Rec. doc. )

**DENIED**

Before the undersigned is the motion of the plaintiff, St. Bernard Parish Government ("SBPG"), for reconsideration of the March 19, 2009 report and recommendation (Rec. doc. 89). It was recommended that the motion of the defendant, Continental Casualty Company ("Continental"), for a protective order to limit and/or bar the presentment of SBPG's claims under the policy's "additional coverages" (Rec. doc. 75) be granted in part, with additional recommendations on the documentary proof for seven portions of SBPG's claim. SBPG requests reconsideration of the first through the fourth recommendations. With each of these, it is recommended that SBPG be barred from using the underlying documents referred to in its January 9, 2009 Statement. For example the first recommendation provided that:

> For documentary proof of the claim for extra and expedited expenses: (a) SBPG be limited to the documents produced prior to January 9, 2009 and those delivered to counsel for Continental on that date; and (b) it be barred from using any of the underlying documents referred to in the January 9, 2009 Statement.

Rec. doc. 89 at 13.

The complete analysis supporting this recommendation appears at pages 5-8 of the R&R. In summary, the record demonstrated that SBPG's counsel sent a letter to Continental's counsel, dated January 9, 2009, supplementing its discovery responses. Rec. doc. 75 (Exhibit 1). Accompanying the letter was a document captioned "Additional Coverages - Claim and Documentation" (sometimes referred to as "January 9, 2009 Statement"). Id. (Attachment). For the extra expenses and expediting expenses claim, the Statement directed Continental to a folder including a check register log, back-up and a FEMA spreadsheet. Id. (Attachment). The Statement indicated that the underlying documentation was available for inspection and copying. Id. (Attachment at 3.).

On February 9, 2009, Continental's counsel wrote to counsel for SBPG and sought to review the underlying documentation. Rec. doc. 75 (Exhibit 2). There was no record of any response to this letter. There was a telephone discovery conference with the parties on February 11, 2009. The parties did not raise an issue about the production of the underlying information. Continental was ordered to serve deposition notices regarding SBPG's claims for additional coverages. Rec. doc. 74 at 3. By letter dated February 11, 2009, Continental noticed the depositions and repeated its February 9, 2009 request for review of the documents underlying the schedules for the expediting/extra expenses. Continental sought a reply by Monday, February 16, 2009. Rec. doc. 75 (Exhibit 2).

On February 26, 2009, Continental filed its motion for protective order. Rec. doc. 75. On March 5, 2009, SBPG's counsel sent an e-mail to counsel for Continental offering to produce the information anytime counsel for Continental was in St. Bernard Parish. Rec. doc. 80 (Attachment). This is the first evidence of any reply to Continental's February 9 and 11, 2009 requests for access to the underlying documentation.

The R&R notes that:

> The critical date is the March 31, 2009 deadline for completion of discovery. The undersigned is without authority to extend the discovery deadline. Any extension may jeopardize the trial date. The trial was continued once. Any request for relief from the scheduling order must be presented to the District Judge.

Rec. doc. 89 at 6.

In light of the March 31, 2009 discovery deadline, Continental's February 9 and 11, 2009 requests for access to the underlying documents, the need to notice SBPG's deposition on the "additional coverages" claims before the March 31, 2009 deadline, and the need for access to the underlying documents to prepare the Rule 30(b)(6) notices, the R&R concluded that SBPG's March 5, 2009 response was not timely. At that point less than 30 days remained to complete non-expert fact discovery.

SBPG was silent on why it did not respond promptly to the February 9 and 11, 2009 letters. It did not attempt to demonstrate that its failure to make a prompt response to these letters was substantially justified. Its conduct was not harmless because the March 5, 2009 response left Continental with insufficient time to complete non-expert discovery by March 31, 2009. The only alternative to the automatic sanction provided in Rule 37© was to modify the scheduling order. SBPG did not demonstrate good cause to modify the scheduling order.

On its motion to reconsider, SBPG contends that it did not ignore Continental's February 9 and 11, 2009 letters requesting access to the underlying documentation. SBPG submitted e-mails with its motion to reconsider. Continental submitted further e-mails with its opposition. These e-mails and other pertinent communications are summarized as follows:

Tues-01/27/09       Weber (Continental) to Barbera (SPBG) - please confirm depositions for week of 2/9/09 in Dallas.

| | |
|---|---|
| Wed-01/28/09 | Weber to Barbera - please confirm depositions for week of 2/9/09 in Dallas. |
| Fri-01/30/09 | Barbera to Weber - believe we are on but need to confirm with my co-counsel. |
| Fri-01/30/09 | Weber to Barbera - need confirmation by Monday if depositions to proceed. |
| Mon-02/02/09 | Weber to Magistrate Judge Shushan - unable to confirm depositions. The Court's assistance is requested. |
| Wed-02/04/09 | Barbera to Patten (Continental) - still trying to line up witness for "next week." |
| Wed-02/04/09 | Patten to Barbera - we will schedule depositions when we have Court conference. |
| Wed-02/04/09 | Barbera to Patten - ok but we may lose people for "next week." |
| Fri-02/06/09 | Minute entry issued setting telephone conference. |
| Mon-02/09/09 | Continental's first letter request for access to underlying documentation. |
| Wed-02/11/09 | Telephone status conference. |
| Wed-02/11/09 | Continental's second letter request for access to underlying documentation. |
| Tues-02/17/09 | Barbera to Weber and Patten - certain depositions are set. Note: no reference to production of underlying documentation. |
| Thurs-02/19/09 | Weber to Barbera - confirm dates for some depositions and request dates for other depositions. |
| Thurs-02/19/09 | Barbera to Weber and Patten - transmittal of DVD discs. Note: no reference to production of underlying documentation. |
| Wed-02/25/09 | Barbera to Weber - request for date for deposition of Tafarro. Note: no reference to production of underlying documentation. |
| Thurs-02/26/09 | Weber to Barbera - March 13, 2009 is good for Tafarro deposition. |
| Thurs-02/26/09 | Barbera to Weber - date for Rodrigues deposition. Note: no reference to production of underlying documentation. |
| Thurs-02/26/09 | Continental filed motion for protective order. |

| | |
|---|---|
| Thurs-03/05/09 | Barbera to Patten - underlying documentation available for inspection. |
| Tues-03/31/09 | Discovery deadline. |

These documents demonstrate that there was no communication from SBPG to Continental regarding the request for access to the underlying documentation until an e-mail on Thursday, March 5, 2009. While they demonstrate that after Continental requested access to the underlying documents on February 9 and again on February 11 the parties communicated about the scheduling of depositions and the transmittal of DVD discs, this is not determinative. SBPG has not presented any evidence that it offered to produce the underlying documentation prior to March 5, 2009. For the reasons described in the R&R this was not timely.

SBPG urges that the parties informally extended the March 31, 2009 deadline for the completion of non-expert discovery, so there is no prejudice to Continental. By agreement the parties scheduled some depositions for after the March 31, 2009 deadline. Rec. doc. 95. They also agreed to formally extend the deadlines for expert discovery. These extensions have not eliminated the prejudice to Continental if SBPG is now permitted to produce the underlying documentation for inspection. The Rule 30(b)(6) depositions are substantially complete. If SBPG is allowed to use the underlying documentation to support its claims, there will be further delays in the completion of corporate depositions and expert discovery which will jeopardize the trial date.

IT IS ORDERED that SBPG's motion to reconsider (Rec. doc. 93) is DENIED.

New Orleans, Louisiana, this 20th day of April, 2009.

_____
**SALLY SHUSHAN**
**United States Magistrate Judge**